UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT HEARD, ) | |
| ) | |
| Petitioner, ) | Case: 1:16-cv-01564 |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 8/2/2016 |
| ) | Description: Pro Se Gen. Civil (F Deck) |
| UNITED STATES ATTORNEY GENERAL, ) | |
| ) | |
| Respondent. ) | |
| ) | |

### MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* "Formal Complaint," which is construed as a petition for a writ of mandamus. The Court will grant the application and dismiss the petition.

The petitioner alleges that, by "OMISSIONS AND CO-MMISSIONS" of her duties, the respondent "VIOLATED [HIS] CIVIL AND CONSTITUTIONAL RIGHTS AND THEREBY CAUSED [HIM] TO BE CRIMINALLY ABUSED BY PEOPLE LIKE LARRY AND LOLITA AIKEN AND THE MEXICAN CARTEL AT THE SECOND FLOOR LAW LIBRARY AT THE HALL COUNTY COURTHOUSE." Pet. at 1 (emphasis in original). In order "TO PLACE THESE PEOPLE BEHIND BARS," the petitioner appears to ask that the Attorney General issue warrants. *Id.*

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to

plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). This petitioner addresses none of these elements, and thus fails to meet his burden. Furthermore, "[i]t is well-settled that a writ of mandamus is not available to compel discretionary acts," *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases), and the Attorney General's decision to investigate any particular matter is left to her discretion, *see Shoshone Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) ("Courts have also refused to review the Attorney General's litigation decisions in civil matters."); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case").

The petition for a writ of mandamus will be denied. An Order accompanies this Memorandum Opinion.

DATE: 7/29/16

_____
United States District Judge